# CHARLESTON.

KNIGHT *v.* ZAHNHISER.

Submitted January 23, 1903.　Decided April 25, 1903.

1. PROHIBITION—*Want of Jurisdiction.*

As a general rule where prohibition is sought to prohibit an inferior court from entertaining a matter for want of juris-diction, exception must first be made in the lower court to its jurisdiction.　(p. 371).

2. APPEAL—*Justice of the Peace.*

A justice having jurisdiction of a proceeding, prohibition does not lie.　Resort must be had to an appeal where it lies.　(p. 371).

Error to Circuit Court, Braxton County.

Action by John B. Knight against Zahnhiser Bros. & Sten and another.　Judgment for defendants, and plaintiff brings error.

*Affirmed.*

B. P. & V. B. HALL, for plaintiff in error.

W. E. HAYMOND, for defendants in error.

BRANNON, JUDGE:

John B. Knight sued Zahnhiser Bros. & Sten for debt before D. C. Wellen, a justice of Braxton County, and the defendants being non-residents, an attachment was issued against their estate.　Judgment was given 23rd September, 1898, by the justice for the plaintiff, and under an order of sale the attached effects were sold.　Before the sale Zahnhiser Bros. & Sten moved Justice Wellen to grant a new trial or rehearing, they not having appeared to the action, but the justice refused to do so, as shown by his docket.　Later a peremptory *mandamus* was awarded by the circuit court of Braxton commanding Justice Wellen to rehear the action; but he entered no order touching it.　The petition for prohibition says that he had removed from the county and vacated his office of justice before the motion for rehearing and before the institution of the proceeding in *mandamus.* ‑The matter lay asleep until 2d No-vember, 1901, when Zahnhiser Bros. & Sten moved G. R. Gib-

son, successor of Wellen as justice to rehear the action.  There-
upon, Knight applied to and obtained from Hon. W. G. Ben-
nett, circuit judge, a rule against Justice Gibson and Zahnhiser
Bros. & Sten to prohibit rehearing the case before the justice.
Upon return of the rule, the circuit court of Braxton, upon
demurrer to Knight's petition and upon a motion to discharge
the rule, entered judgment discharging the rule and denying
the prohibition, and Knight sued out a writ of error.

We need not discuss all the points gone over by counsel, be-
cause the solution of the case before us is governed by the points
now to be stated, rendering it unnecessary and improper to pass
on the points alluded to.

No exception to the jurisdiction of Justice Gibson was made
to him before the application for the prohibition.  In 16 Ency.
Pl. & Prac. 1128 we fiand this:  "Applications for the writ
of prohibition are premature until exceptions has been taken
to the jurisdiction of the lower courts and overruled, and will
be refused, if this has not been done, for it is invariably pre-
sumed that courts will give the parties the relief to which they
show themselves entitled."  I grant that this is not jurisdic-
tional; but it is, and ought to be, imperative practice.  Why
should not relief be first sought in the court alleged to have no
jurisdiction, the proper place to present the question in the
first instance?  The case of *Board of Education* v. *Hall,* 51 W.
Va. 435, proceeds on this rule.  It is laid down by all the
authorities except Com. 2 Latham 85 Va. 632. citing no au-
thority.

Again, Justice Gibson had jurisdiction to decide for or
against the appellant for rehearing. I have observed no point or
matter presented in the briefs not proper for his consideration
as entering into the question of granting a rehearing, and cogni-
zable upon an appeal from his court to the circuit court, and
therefore prohibition does not lie.  When he decides, though
he may decide erroneously, yet he decides within the scope of
his jurisdiction and an appeal affords redress for any error.
*Johnson* v. *Hunter,* 50 W. Va. 52.

We, therefore, affirm the judgment.

*Affirmed.*