MARY MERRITT, by RACHEL MERRITT, Her Guardian ad Litem, Plaintiff, v. HARRY GENTH and Another, Defendants.

Supreme Court, Rockland County, August 1, 1927.

**Process — summons — motion to vacate service — action for injuries suffered in automobile accident — defendants, bona fide residents of New York on notice from Commissioner of Motor Vehicles of New Jersey to answer alleged summons which had never been served — defendants were immune from service in this action.**

The motion by the defendants to vacate the service of the summons, on the ground that when the service was made on the defendants in this State who were at the time *bona fide* residents of the State of New Jersey they were immune from service of process, is granted. It appears that the defendant wife while driving an automobile belonging to her husband became involved in an accident in Rockland county in this State and that she failed to report the accident. After she returned to her home in New Jersey the Commissioner of Motor Vehicles of New Jersey directed both her and her husband to appear in a Justice's Court in this State to answer a summons alleged to have been served upon them but which in fact had not been served and that if they failed to appear the automobile license would be revoked. The defendants appeared in the Justice's Court in this State, the husband was discharged and the wife pleaded guilty to reckless driving and failure to report the accident. Immediately upon leaving the court room both were served with the summons in this action. At that time the two defendants having voluntarily elected to appear in the New York court either in the capacity of defendant or witness or both, were immune from service.

MOTION by defendants to vacate the service of summons on the ground that, at the time it was effected, they were immune from service of process.

*Natalie F. Couch*, for the plaintiff.

*William J. Nolan*, for the defendants.

LYNCH, J. The defendants in the above motion move to vacate the service of the summons upon the ground that at the time it was effected they were immune from service of process. Admittedly both defendants were and are *bona fide* residents of the State of New Jersey.

· The wife defendant, while driving the husband defendant's automobile, became involved in an accident at Sparkhill, Rockland county, N. Y. She failed to report the accident, as required by law, but continued on her way to her home in New Jersey. Later the husband, who was not in the car at the time of the accident, received a letter from the Commissioner of Motor Vehicles of New Jersey, directing him to appear at the Justice's Court, at Sparkhill,

N. Y, " in answer to a summons served upon you recently," and further advised him that, upon his failure to appear, his automobile license would be revoked.

It is not contended by any one that any summons had been served upon either of the defendants at that time. In fact, neither of them had been served. In obedience to this notice, and at the time specified therein, the two defendants appeared at the Sparkhill court. The husband defendant was discharged when it was made to appear by his testimony that he was not in the car at the time of the accident.

The wife pleaded guilty on two charges, reckless driving and leaving the scene of the accident without reporting the same, and was fined ten dollars on one charge and sentence was suspended on the other. Immediately upon leaving the courtroom they were served with process in this action.

When the defendants came within the State of New York, they came voluntarily. They had not been arrested in New York, nor were they on bail. They had not even been served with a summons. They could have remained out of the State forever, if they chose.

When they received the letter from the Commissioner of Motor Vehicles, they voluntarily elected to appear in the New York court, either in the capacity of a defendant, a witness, or both. In doing this they were immune from service of process. (*Powelson* v. *Procter & Gamble Co., No. 1,* 200 App. Div. 447; *Parker* v. *Marco,* 136 N. Y. 585; *Person* v. *Grier,* 66 id. 124; *Matthews* v. *Tufts,* 87 id. 568; *Netograph Mfg. Co.* v. *Scrugham,* 197 id. 377; *Bunce* v. *Humphrey,* 214 id. 21; *Roberts* v. *Thompson,* 149 App. Div. 437; *Stewart* v. *Ramsay,* 242 U. S. 128; 37 Sup. Ct. 44; 61 L. Ed. 192.)

The cases where service has been held good all present a situation where the defendant's appearance was by compulsion, either by extradition or after giving bail, or where the appearance was obviously unnecessary, as in the case where the client came to hear his appeal argued. It cannot be said that these two defendants did not have a duty imposed upon them to protect their interests by obeying the notice from the Commissioner of Motor Vehicles. They were necessarily, although not compulsorily, in the New York court when served. They were at that time immune from service.

The defendants' motion is, therefore, granted.