### LINGEMANN *v.* MACOMB CIRCUIT JUDGE.

PROCESS—EXEMPTION FROM SERVICE OF CIVIL PROCESS—STATUTE LIBERALLY CONSTRUED.

Driver of truck in collision with automobile, who, in response to notice by police officer to be present, attended hearing before justice of peace investigating facts relative to charge of reckless driving against him, was attending ''judicial proceeding'' within meaning of 3 Comp. Laws 1915, § 12446, exempting him from service of civil process in action growing out of acci-

For authorities discussing the question as to exemption of nonresident party from service of process while in the State in connection with case, see annotation in 42 L. R. A. (N. S.) 1101; L. R. A. 1915A, 694; L. R. A. 1916E, 1173.

As to immunity of nonresident from service of process in suit in which he is a witness, see annotation in 25 L. R. A. 727; 45 A. L. R. 341.

dent, notwithstanding said notice by police officer is not process authorized by any law of State, and that driver voluntarily came into county and submitted himself to jurisdiction of court; said statute being liberally interpreted in favor of privilege.

Mandamus by Adrian Lingemann to compel Herman Dehnke, circuit judge, presiding in Macomb county, to vacate an order quashing service of civil process on Elmer Kirchofer. Submitted June 4, 1929. (Calendar No. 34,284.) Writ denied July 8, 1929.

*Bert V. Nunneley* (*Douglas W. Ball* and *John H. Nunneley,* of counsel), for plaintiff.

*Dunham & Cholette* (*Walter F. Schweikart* and *L. Frank McKnight,* of counsel), for defendant.

McDONALD, J. The plaintiff asks for a writ of mandamus to compel the defendant to set aside a certain order entered on June 30, 1929, quashing service of summons upon one Elmer Kirchofer. On October 8, 1928, a truck driven by Kirchofer in the village of St. Clair Shores, Macomb county, Michigan, collided with an automobile owned by the plaintiff. Immediately after the collision, Kirchofer left the truck to report the accident. While he was gone, the chief of police tied a tag on the truck notifying him to appear in justice's court on the 10th of October, 1928, to answer a charge of reckless driving. Kirchofer was a resident of Wayne county. He did not appear on the 10th, but his attorney arranged with the justice to have the hearing adjourned to the 26th. When he appeared on that day, the plaintiff, who in the meantime had instituted a suit for damages, caused a summons to be served on him. He moved to quash the service

on the ground that he was not a resident of Macomb county and at the time was exempt from service of civil process by virtue of 3 Comp. Laws 1915, § 12446. The circuit judge adopted this view and entered an order quashing the service. The plaintiff here seeks a writ of mandamus to compel him to set aside this order.

Mr. Kirchofer claims exemption from service of the summons in this case by virtue of the statute, 3 Comp. Laws 1915, § 12446, the applicable portion of which provides that any party or witness who is in attendance on a "suit or proceeding" in a county in which he does not reside is exempt from the service of civil process issued out of any other suit commenced in that county. He was a resident of Wayne county. At the time of the service of the summons in question, he was attending a proceeding of some kind in a justice's court in Macomb county. Was it such a proceeding as entitles him to the privilege afforded by the statute? In *Watson* v. *Judge of Superior Court of Detroit,* 40 Mich. 729, Mr. Justice COOLEY said:

"There is no doubt whatever that the privilege exists in the case of all proceedings in their nature judicial, whether taking place in court or not."

And in 21 R. C. L. p. 1309, the scope of the privilege is stated as follows:

"Originally the exemption from process by privilege could be invoked only for attendance on courts, but it is now extended so as to embrace every proceeding of a judicial nature, taken in or emanating from a duly constituted judicial tribunal, which directly relates to the trial of the issues involved."

In this case the question is, Was Mr. Kirchofer in attendance on a judicial proceeding before the jus-

tice of the peace in Macomb county when he was
served with the summons?

On the day of the collision, he received the follow-
ing notice from the chief of police of the village of
St. Clair Shores:

"No. 2988            Dated October 8, 1928.

"To Elmer Kirchofer, defendant.
    Address.............................

"You are hereby notified that I shall forthwith
file a sworn complaint against you in court for the
village of St. Clair Shores, because of your violation,
this date, of the laws indicated below:

"X Reckless driving.

"Place where violation occurred: Violet Boule-
vard and Harper avenue.

"I shall be present at the session of the justice
court at town hall, Harper and Town Hall Road, to
be held on October 10, 1928, at 7:30 p. m. to prose-
cute said charge. Unless you are present at said
session of said court to answer said charge a war-
rant will be asked for your arrest.

"Nelson, patrolman.

"Badge number .........."

It is true, as pointed out by the plaintiff, that this
notice is not a process authorized by any law of the
State, and Kirchofer was under no legal obligation
to respond to it. But touching the matter in issue,
it was not necessary to his privilege that he should
have been brought before the justice by subpœna or
criminal process. It was sufficient if there was a
judicial proceeding before the justice and he was
in attendance either as a witness or as a party.
Whether his presence was voluntary or compulsory
does not matter. So we regard the notice as im-
portant only in showing the nature of the proceed-
ing before the justice. It is plain that the purpose
of the proceeding was to inquire into the facts rela-

tive to a charge of reckless driving and to determine if a warrant should issue. For such a proceeding, no sworn complaint in writing was necessary. The court had authority to determine probable cause from the oral testimony of any witness who came before him. Mr. Kirchofer was invited to be present at such hearing on threat of arrest if he did not do so. As he had authority to do, the justice assumed to act and set October 26th as the date of the hearing. Kirchofer came with his attorney. That he voluntarily came into the county and submitted himself to the jurisdiction of the court did not destroy his privilege to be exempt from the service of civil process which the statute gives to witnesses and parties. The hearing which he came to attend was a judicial proceeding within the meaning of the statute. For reasons of public policy and the due administration of justice, the courts have uniformly given such statutes a liberal interpretation in favor of the privilege. Thus, it is well established by judicial authority that parties and witnesses who are in good faith in attendance on a suit or judicial proceeding in a county in which they do not reside are privileged from the service of civil process from any other court in that county during such attendance and for a reasonable time while going and coming. This is the rule whether their attendance is voluntary or compulsory. The authorities on this question are collected in the note to *Mullen* v. *Sanborn,* 79 Md. 364 (29 Atl. 522, 47 Am. St. Rep. 421), in 25 L. R. A. 721.

The writ of mandamus is denied, with costs against the plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.