STUART v. WAYNE CIRCUIT JUDGE.

1. PROCESS—NONRESIDENTS—CUSTODY OF COURT.
    Nonresident who voluntarily came into jurisdiction of court and was arrested and released on bail was in constructive legal custody of court, and therefore was subject to service of legal process in civil suit.

2. SAME.
    Persons actually in custody are subject to service of legal process in civil suit.

3. SAME.
    Nonresident, who was subject to service of civil process while in custody of bailors, was not exempt from service of such process after his acquittal.

On right of nonresident to exemption from service of process while within jurisdiction pursuant to condition of bail bond, see annotation in 27 L. R. A. (N. S.) 333; 51 L. R. A. (N. S.) 328.

4. MANDAMUS—APPEAL AND ERROR.

> Mandamus will issue to compel trial court to vacate order wrongfully quashing service and discharging nonresident legally served with process in civil suit and arrested on *capias*, as against objection that said order is final and reviewable only by error, since mandamus will lie where court by erroneous construction of law has refused to go into merits of case.

Mandamus by Mary L. Stuart to compel Alfred J. Murphy, Wayne circuit judge, to vacate an order dismissing A. Irving Tallis, arrested under a *capias ad respondendum*. Submitted June 10, 1930. (Calendar No. 34,957.) Writ granted December 2, 1930.

*George F. Mehling,* for plaintiff.

*Douglas, Barbour & Wing (Harold B. Desenberg,* of counsel), for defendant.

POTTER, J. Plaintiff and petitioner, a resident of Detroit, was the owner and in possession of a valuable collection of musical instruments. A. Irving Tallis was engaged in selling similar instruments. He temporarily resided in Detroit in 1929, although he was domiciled in New York. Plaintiff delivered to Tallis for sale several musical instruments of the alleged value of $5,700. Tallis went back to New York, took the instruments with him, and, it is charged, converted the same to his own use and benefit and refused to account for the proceeds thereof if sold. Tallis voluntarily returned to Detroit, and, April 14, 1929, was arrested in Wayne county, charged with larceny by conversion of the property of plaintiff and petitioner entrusted to him to sell. Later another complaint was lodged against him, the first having been dismissed, and he was rearrested. He gave bail for his appearance, and was tried and acquitted November 19, 1929, on the criminal charge,

at about 3 p. m. on that day. Later, on the same day, a suit was commenced against him by plaintiff and petitioner by *capias ad respondendum* and service had upon him about 6:30 p. m. in Detroit. After his arrest on the *capias ad respondendum,* he gave a bond to the sheriff for his appearance and then moved to quash the service of the writ. The trial court quashed the service and discharged Tallis, and plaintiff and petitioner seeks mandamus to set aside the order of the trial court.

In *Netograph Manfg. Co.* v. *Scrugham,* 197 N. Y. 377 (90 N. E. 962, 27 L. R. A. [N. S.] 333, 134 Am. St. Rep. 886), defendant, a resident of Ohio, voluntarily went to New York in 1907. He was arrested in New York on a warrant charging a criminal offense and gave bail, was indicted, and again gave bail. He returned to Ohio and when the criminal case came on for trial in 1909, he appeared for trial in New York, was tried and acquitted. The next day after his acquittal suit was instituted against him by plaintiff in New York and personal service of the writ had upon him. The court found the time intervening between acquittal in the criminal case and the service of process in the civil suit was proper and reasonable. The appellate court held the service on defendant valid, but certified to the supreme court the question: "Is the service of the summons and complaint upon the defendant * * * George R. Scrugham lawful?" After an exhaustive discussion of the authorities the decision of the appellate court was affirmed.

Tallis came into the jurisdiction of the court in Wayne county voluntarily. While here he was arrested. Though released on bail he was in the custody of his bailors. Their dominion over him was lawful. He was in the constructive legal custody of

the court. His bailors could at any time become his jailors. His presence at the criminal trial was under legal compulsion. Persons actually in custody have always been subject to the service of legal process in civil suits. We think defendant was so far in legal custody in the criminal case as to be subject to the service of legal process in a civil suit. Being subject to service of civil process while in the custody of his bailors in the criminal case, he was not exempt from service of such process after the termination of such case.

Many cases are cited to show the order entered was final and reviewable only by error. It may be conceded that, if upon the facts the case legitimately raised the question decided, this would be true.

"But if the case before the lower court does not, upon its facts or the evidence, legitimately raise the question of law or fact it has assumed to decide, so that the court could not act judicially upon it, or so as to give the court the power judicially to make the decision it has assumed to make, then its action is not properly judicial, and no assumed determination of it, nor any order resting upon it, will preclude the remedy." *Wiley* v. *Judge of Allegan Circuit,* 29 Mich. 487.

"The writ will go to direct a court to make final determination of a cause when it has declined to act, and has simply stricken the cause from the docket." High's Extraordinary Legal Remedies (3d Ed.), § 150.

"While, as we shall see, the decision of such court upon the merits of the controversy will not be controlled by mandamus, yet if it has erroneously decided some question of law or of practice presented as a preliminary objection, and upon such erroneous construction has refused to go into the merits of the case, mandamus will lie to compel it to proceed."

High's Extraordinary Legal Remedies (3d Ed.), § 151.

We think, notwithstanding conflicting decisions, the writ will lie. A mandamus will issue.

WIEST, C. J., and BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.