LEE J. LANG, *et al. v.* HONORABLE HARRY SHAW, *Judge, etc.*

(No. 7612)

Submitted May 2, 1933. Decided May 9, 1933.

*Robinson & Robinson,* and *J. Harper Meredith,* for petitioners.

*L. C. Musgrave,* for respondents.

WOODS, JUDGE:

Lee J. Lang and Hamilton Lang, father and minor son, respectively, both residents of Harrison county, seek a writ prohibiting the judge of the circuit court of Marion county from proceeding further in a certain action of trespass on the case in which Leota Beryl Arnett, an infant, who sues by Dana C. Arnett, her next friend, is plaintiff and petitioners are defendants, on the theory that Hamilton Lang was immune from service of civil process at the time of the service upon which the circuit court assumed jurisdiction of the case.

The question of jurisdiction was raised by pleas in abatement, which charged, in substance, that Hamilton Lang had had an automobile accident while passing through Rivesville, Marion county; that he was arrested and shortly thereafter released by the mayor of the town of Rivesville on a personal

recognizance, to return on a day certain, to answer a criminal charge; that he did return in pursuance of his agreement; that while in the mayor's office, he was served with process in the above-mentioned case, which grew out of the accident aforesaid. Demurrers to each of the pleas were sustained.

This court held in *Whited* v. *Phillips*, 98 W. Va. 204, 126 S. E. 916, that: "A non-resident of West Virginia, who voluntarily and without compulsion of law, submits himself to the jurisdiction of a state court, in answer to an indictment therein against him, and who is not at the time a fugitive from justice, is privileged while attending court from service of process in a civil suit." And this rule, very logically, should extend to a defendant who, charged with a criminal offense in a county other than that in which he resides, appears and answers to the charge on the day set for trial. *Lingemann* v. *Judge Macomb, Circuit Judge,* 247 Mich. 597, 226 N. W. 259; *Jacobson* v. *Wayne, Circuit Judge,* 76 Mich. 234, 42 N. W. 1110; *Palmer* v. *Rowan,* 21 Neb. 452, 32 N. W. 210.

The sole question, therefore, is whether or not the petitioner, Hamilton Lang, was voluntarily within the county of Marion, as contemplated by the decisions.

Respondents take the position that Hamilton Lang was not voluntarily present before the mayor, in view of the fact that he had been taken into custody and released on his own personal recognizance, citing *Whited* v. *Phillips, supra; Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377, 90 N. E. 962.

In the *Whited* case, Judge Hatcher, speaking for the court, pointed out that Phillips was not subject to extradition, as contended for by the plaintiff, and that his appearance was voluntary. So, the respondents in the instant case, call attention to the fact that Hamilton Lang was actually taken into custody of the mayor of Rivesville, and released on personal recognizance, and cites the *Netograph* case. It was held in the last-mentioned case, that: "A non-resident who is arrested on a criminal charge while temporarily in the state, and who is held for trial and who gives bail for his appearance for trial, and who subsequently comes into the state to attend his trial, is constructively in the custody of the law, and is within the jurisdiction by compulsion, and not voluntarily in aid of the administration of justice, and he is not

exempt from service of process in a civil suit while remaining in the state after his acquittal for a proper purpose and not unreasonable in duration.''

We note, however, that the rule in the *Netograph* case was disapproved in the case of *Michaelson* v. *Goldfarb*, 94 N. J. L. 352, 110 A. 710, 711, where it was held that the rule of privilege is applicable to a defendant under indictment and at large on bail, who has not been brought into the state by extradition from another state as a fugitive from justice. In the body of the opinion that court said: ''It is argued that defendant was legally in custody of the law while under bail, and therefore subject to service of outside process; and the New York case of *Netograph Co.* v. *Scrugham* * * * is certainly in point and supports this proposition. But we are unwilling to give our assent to it. The New York court, while apparently unanimous, conceded that 'the question was not free from difficulty;' and from the standpoint of our decisions the difficulty is insuperable. Theoretically, it is true, the defendant under bail is 'in the friendly custody of his sureties.' 6 C. J. 1042. They can, of course, arrest and surrender him at their option. Theoretically, in another sense he is in the custody of the law. But the question of exemption of witnesses and litigants from extraneous process is pre-eminently a practical one, whose end is to encourage such witnesses and litigants to attend our courts with confidence. For all practical purposes a defendant under bail is as free as any other man, so long as he keeps to the terms of his bond and retains the confidence of his sureties. If he is 'in the custody of the law', so, also, we suppose, is a defendant who has given cash bail or has been discharged on his own recognizance. In all three cases the bail is, in a practical sense, merely a security for his appearance. * * * It can readily be seen that defendants under bail would be tempted to evade our courts if they are aware that by voluntarily coming here to face an indictment they are rendering themselves liable to summons or capias in a civil action. We might add that similar reasoning might well induce witnesses under bail in criminal cases to take similar action.'' The foregoing was quoted approvingly in *Prescott* v. *Prescott*, 95 N. J. Eq. 173, 175, 122 A. 611. See 50 C. J. 556, sec. 243, note 98.

The reasoning of the New Jersey court is in conformity with our views. So, we hold that Hamilton Lang was not subject to service of civil process at the time, and that he is entitled to attack it by plea in abatement.

The question as to whether prohibition is the proper remedy has been settled by *Wolfe* v. *Shaw, Judge,* 113 W. Va. 735. There, the court held: "Prohibition may be invoked, though writ of error to a final judgment would be available, where it clearly appears upon the evidence submitted in support of a plea in abatement that the trial court is without jurisdiction."

The writ will issue in accordance with the prayer of the petition.

*Writ awarded.*