P. C. HATFIELD *v.* HONORABLE CHARLES W. FERGUSON, *Judge, et al.*

(No. 8050)

Submitted November 1, 1934. Decided November 13, 1934.

520

*F. F. Scaggs,* for petitioner.
*Jess Hammock,* for respondent J. M. Gilkerson.

WOODS, PRESIDENT:

P. C. Hatfield seeks a writ prohibiting Honorable Charles W. Ferguson, Judge of the circuit court of Wayne county, and others, from proceeding further under a certain order, entered in the case of J. M. Gilkerson against Amos Johnson, dismissing the appeal, theretofore awarded by the circuit court, as improvidently awarded, and entering judgment for costs against petitioner as surety on Johnson's appeal bond.

Gilkerson obtained a judgment, on July 10, 1933, against Johnson in an unlawful detainer action before a justice in Wayne county. Defendant gave notice of appeal, but same was not allowed by the justice. The circuit court allowed an appeal on September 5th, and an order was entered the following day staying all proceedings before the justice. Bond in the penalty of $100.00 was given, with petitioner herein as surety. After the transcript was received by the circuit clerk, Gilkerson moved to dismiss the appeal as improvidently awarded, and the court, after hearing testimony on the motion, entered an order on December 11, 1933, in which the motion was sustained, and the appeal "dismissed at the costs of the defendant, including a statute fee of $10.00." On July 9, 1934, the circuit court, upon motion of plaintiff, entered an order, designated in its caption "Amended Order," dismissing the appeal as improvidently awarded, and concluding with the following sentence:

"And it is further considered that the said J. M. Gilkerson do recover of and from the said Amos Johnson and P. C. Hatfield, the latter of whom signed the appeal bond, his costs in and about his said motion in this behalf expended, including a statute fee of ten ($10.00) dollars." Petitioner had no notice or knowledge of the entry of the order of July 9, 1934, until August 29, 1934, when a deputy sheriff came to his home for the purpose of levying an execution, issued on August 2, 1934, in the amount of $45.65, which included: clerk $5.00; attorney $10.00; certified $20.10; justice $5.80; constable $3.25; witness $1.50. The petitioner has personal effects in an amount in excess of $200.00. The execution expired September 4, 1934. All of the foregoing facts were set out in the allegations of the petition filed herein.

The case was submitted on Gilkerson's demurrer to the petition.

Has the petitioner made a case? This is dependent primarily upon the legal effect of the dismissal on his liability as surety. The condition of the bond in such cases is that the principal therein will perform and satisfy any judgment which may be rendered against him on appeal. Code 1931, 50-15-7. In a somewhat similar case, coming here on writ of error, this Court held: "After the dismissal of an appeal from the judgment of a justice of the peace, as having been improvidently awarded, the circuit court cannot enter a judgment against the surety in the appeal bond, for the amount of the judgment rendered by the justice, nor for any other amount. Owing to the dismissal of the appeal, there is no breach of the condition of the bond." *Taylor* v. *Campbell, Cooper & Co.*, 77 W. Va. 347, 87 S. E. 377.

Prohibition lies as a matter of right in all cases of usurpation and abuse of power. Code 1931, 53-1-1. And a party whose rights have been so invaded need not, as a prerequisite, give the court sought to be prohibited an opportunity to pass on questions raised. *Weil* v. *Black, J.*, 76 W. Va. 685, 86 S. E. 666; *City of Charleston* v. *Littlepage, J.*, 73 W. Va. 156, 80 S. E. 131.

The writ will issue as prayed for.

*Writ awarded.*