MEYERS *v.* BARLOCK.

1. PROCESS—EXEMPTION FROM SERVICE—NATURE OF PROCEEDING ATTENDED.

Exemption from service of civil process embraces attendance at every proceeding of a judicial nature, taken in or emanating from a duly constituted judicial tribunal which directly relates to the trial of the issues involved, for aid and enforcement of rights, for relief, for redress of injuries, for damages or for any remedial object (3 Comp. Laws 1929, § 14106).

2. SAME—EXEMPTION—DURATION.

Parties or witnesses who are in good faith in attendance on a suit or judicial proceeding in a county in which they do not reside are privileged from service of civil process from any other court in that county during such attendance and for a reasonable time while going and coming whether their attendance is voluntary or compulsory (3 Comp. Laws 1929, § 14106).

3. Same—Attendance at Accident Investigation Bureau of Police Department.

>   Attendance by one involved in an automobile accident at accident investigation bureau of police department in county other than that in which he resided for purpose of determining whether or not a ticket should be issued for failure to identify himself at the scene of an accident *held*, not attendance at a judicial proceeding such as to entitle him to exemption from service of civil process as officer in charge could make no judicial determination of any issue (3 Comp. Laws 1929, § 14106).

Mandamus by Everett Barlock to compel Theodore J. Richter, Wayne Circuit Judge, to vacate an order denying a motion to quash service of civil summons on him. Submitted October 12, 1937. (Calendar No. 39,580.) Writ denied November 10, 1937.

*Casper C. Cutler,* for plaintiff.

*Henry A. Platt,* for defendant.

Sharpe, J. Petitioner, Everett Barlock, asks for a writ of mandamus requiring circuit judge Richter to set aside a certain order entered on the 20th day of April, 1937, denying a motion to quash service of a civil summons upon petitioner in this cause.

Barlock is a resident of Washtenaw county and on the 21st day of February, 1937, became involved in an automobile accident in the city of Detroit. The investigation of the accident was later turned over to the accident investigation bureau of the Detroit police department. This bureau contacted the Ann Arbor police department, which in turn notified Barlock to appear before the Detroit police department accident investigation bureau March 6, 1937, to discuss whether or not a ticket or warrant

would issue against Barlock in consequence of the automobile accident. Petitioner responded to this notice, but the matter was continued to March 13th and again adjourned to March 27th. Petitioner was present at this adjourned meeting and after a discussion of the subject matter was served with a ticket for failing to identify himself at the scene of the accident. After receiving the ticket, Barlock was served with a copy of a law summons issued out of the circuit court of Wayne county.

Petitioner claims exemption from service of the summons by virtue of 3 Comp. Laws 1929, § 14106, the applicable portion of which provides that any party or witness who is in attendance on a "suit, or proceeding," in a county in which he does not reside is exempt from the service of civil process issued out of any other suit commenced in that county.

The precise question involved in the case at bar has not been determined in this State.

In 21 R. C. L. p. 1309, it is said:

"Originally the exemption from process by privilege could be invoked only for attendance on courts, but it is now extended so as to embrace every proceeding of a judicial nature, taken in or emanating from a duly constituted judicial tribunal, which directly relates to the trial of the issues involved."

The general rule is well stated in *Lingemann* v. *Macomb Circuit Judge*, 247 Mich. 597 (65 A. L. R. 1367), where we said:

"Thus, it is well established by judicial authority that parties and witnesses who are in good faith in attendance on a suit or judicial proceeding in a county in which they do not reside are privileged from the service of civil process from any other

court in that county during such attendance and for a reasonable time while going and coming. This is the rule whether their attendance is voluntary or compulsory."

In 32 Cyc. p. 406, the word "proceeding" is defined as:

"Any application, however made, to a court of justice for the purpose of having matters in dispute judicially determined; any application to a court of justice however made for aid and enforcement of rights, for relief, for the redress of injuries, for damages or for any remedial object."

The instant case is to be distinguished from *Lingemann* v. *Macomb Circuit Judge, supra*. In that case, service of civil process was made while Kirchofer was attending a hearing before a justice of the peace in relation to a "ticket" which he had previously received, while in the case at bar Barlock was in attendance before the accident investigation bureau of the Detroit police department to determine whether or not a "ticket" should be issued. This conference was neither a trial nor a hearing before a judicial officer. The officer in charge could not make a judicial determination of any issue; and in our opinion, there was not such a "suit or proceeding" as is contemplated by the statute.

The writ of mandamus is denied, with costs against defendant Barlock.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.