WILLIAM O. MORRIS *v.* HON. H. M. CALHOUN, *Judge*

(No. 8700)

Submitted January 12, 1938. Decided February 15, 1938.

*H. G. Shores* and *G. K. Kump,* for petitioner.

*George H. Williams* and *Charles Ritchie,* for respondents.

FOX, JUDGE:

This is an original jurisdiction proceeding in prohibition of William O. Morris against Harlan Calhoun, Judge of the circuit court of Hampshire County, Sloan Hott and Ida Hott, seeking to prohibit the further prosecution of a civil action pending in said court in which the Hotts are plaintiffs and the said Morris defendant. From the petition filed herein, the pertinent facts may be stated as follows:

The petitioner, a resident of Marion County, West Virginia, while driving an automobile owned by him, on May 27, 1937 collided with a motor truck owned by Sloan Hott and Ida Hott, in Hampshire County in said state, and from such collision, the wife of the petitioner suffered injuries from which she died shortly thereafter. A charge of reckless driving, probably informal, was lodged against the petitioner by a trooper of the Department of Public Safety, and he was cited by such authority to appear in Hampshire County on June 5, 1937, at one o'clock, p. m., to answer such charge, and then permitted to leave that county. On June 5, 1937, in obedience to such citation, he returned to Hampshire County, and on that day, C. Ralph Hawkins, a state trooper, made a written complaint against him for reckless driving, before a justice of the peace, a warrant was issued thereon and the petitioner taken into custody. While consulting with his attorney in relation to such charge, process in the civil action aforesaid, issuing from the circuit court of Hampshire County and returnable to June Rules, 1937, was served on him.

The record in the civil action is presented with the petition, and it appears therefrom that at July Rules, 1937, petitioner filed his plea in abatement, averring lack of jurisdiction in said court to hear said action by reason of the alleged fact that at the time of the service of the original process therein, the petitioner was in Hampshire County in answer to a criminal process. A demurrer to

this plea was sustained on grounds bearing upon the lack of necessary allegation in the plea. A plea in abatement was also filed, setting up a defect in said process, and upon the court allowing the process to be amended, the plea was overruled. Subsequent to this action on the part of the court below, petitioner filed his petition for prohibition in this court on the 25th day of October, 1937, before a general appearance in the case other than to attack the service of process on grounds affecting the jurisdiction of the court, and before final judgment.

A demurrer was filed on the part of the respondent judge, in which he avers that no fact alleged in the petition, other than those set out in the plea of abatement, can be considered by this court, and that the facts set out in such plea are insufficient to sustain the immunity from civil process contended for by the petitioner herein.

We are unable to concur in this view of the case. We think petitioner's right depends upon the allegation of his petition, and that we are not called upon to pass upon the sufficiency of the two pleas in abatement to which reference has been made. We are concerned here with ascertaining whether or not the court below had jurisdiction of the subject matter of the suit and of the person impleaded. Both are necessary to enable the circuit court of Hampshire County to proceed in said action, and the absence of either is fatal to its jurisdiction. While the writ of prohibition is an extraordinary remedy, and only intended to be used in cases of necessity, such necessity arises where any court assumes to take jurisdiction of a cause or action not authorized by the constitution or the statutes under which it acts; and courts having power through the writ of prohibition to guard against usurpation of jurisdiction should not be restrained by technical rules.

Whether the process complained of is void or voidable is not material in this case. In the ordinary civil case, jurisdictional questions, especially those respecting jurisdiction of the parties, may be waived; but this does not limit the right of a litigant to raise the question, and it may be done in this state by prohibition which, under our statute, issues as a matter of right. The words "void"

and "voidable" are generally used in connection with the judgment or decree entered in cases where questions of jurisdiction might have been raised. In this case, the service of process was voidable, and the defendant might have waived his right to attack it, but when he chose to attack it, this court can declare the same void and of no effect in conferring jurisdiction of the defendant therein, and thus justify the awarding of the writ prayed for. Such attack must be made before a general appearance in the cause or action, other than one made to attack a process or the service thereof on grounds affecting the jurisdiction of the court, and before a final decree or judgment thereon. If there is a general appearance to the merits on any matter not affecting the jurisdiction of the court, the defect in the service is waived. *Parfitt* v. *Sterling Veneer and Basket Co.*, 68 W. Va. 438, 69 S. E. 985 holds that the filing of a plea in abatement at Rules is a general appearance and constitutes a waiver of defects in the service of process; but that was a case where the jurisdiction of the parties was not in dispute, and cannot be held to apply to a case where the very purpose of the plea was to challenge the court's jurisdiction. It would be strange, indeed, if the very raising of the question of the court's jurisdiction would result in conferring on the court the jurisdiction challenged.

Taking the allegations of the petition to be true, as we must, the petitioner is clearly entitled to the relief prayed for. At the time of the service of process in question, he was in Hampshire County as the result of a command on the part of a law-enforcing authority of the State to be present in said county on that day to answer a specific charge well-known to him. Whether his presence in that county was voluntary or involuntary is immaterial; nor is it of consequence that no warrant had been issued or an indictment returned against him. While in *Whited* v. *Phillips*, 98 W. Va. 204, 126 S. E. 916, 40 A. L. R. 83, Phillips, a resident of Washington, D. C., was indicted in Roane County and, learning of such indictment, voluntarily appeared in that county to answer the same, and was served with process in a civil case in that county, it was held that he was privileged while

attending court from service of process in the civil case; it was held in *Lang* v. *Shaw*, 113 W. Va. 628, 169 S. E. 444, where Lang, a resident of Harrison County, became involved in an automobile accident at some point in Marion County, was arrested by the officials of a municipality and released by the mayor on his personal recognizance, and when he returned to answer such recognizance, was served with civil process, that he was not liable to such service until after a reasonable time had elapsed to enable him to return home. In one case, the appearance in the county where the process was served was, technically, voluntary, while in the other case, his personal recognizance required and in a measure compelled his appearance.

It appears, therefore, that whether the presence of Morris in Hampshire County was voluntary or in obedience to the citation, his exemption from civil process existed until the necessity for his presence had passed and a reasonable time thereafter; and it clearly appears that the process in this case was served on the day he was required to appear by the state trooper. This position is sustained by cases from other jurisdictions. *Merritt* v. *Genth,* 130 Misc. 401, 223 N. Y. S. 593; *Lingemann* v. *Dehnke,* 247 Mich. 597, 226 N. W. 259, 65 A. L. R. 1367; *Kelly* v. *Shafer,* 213 Iowa 792, 239 N. W. 547; *Wheeler* v. *Flintoff,* 156 Va. 923, 159 S. E. 112.

The principal contention of the respondents is that the plea in abatement setting up lack of jurisdiction by reason of the immunity claimed does not sufficiently allege facts upon which such immunity can be based. As already indicated, we cannot agree to this interpretation of the law. This court has original jurisdiction in prohibition granted by the Constitution, Article 8, Section 3, and also by statute, Code, 51-1-3. The scope of the writ is defined by Code, 53-1-1, wherein it is provided that, "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." A court may have jurisdiction of the subject matter of litigation, but exceed its legitimate

powers when it undertakes to hear the same without jurisdiction of the parties. In this case, the circuit court of Hampshire County had jurisdiction of the subject matter of the litigation, but jurisdiction as to the defendant, the petitioner herein, could only be acquired by the service of process in Hampshire County, and such service could not be had where his presence in that county was obtained through legal process or its equivalent, either civil or criminal. There are cases which hold, in effect, that a trial court, having general jurisdiction of the subject matter, has the right to determine whether it has acquired jurisdiction of the particular case by sufficient service of process. *McConiha* v. *Guthrie,* 21 W. Va. 134; *Cunard Steamship Company* v. *Hudson,* 93 W. Va. 209, 116 S. E. 511. These cases would seem to be inconsistent with later holdings which, in original jurisdiction cases, have passed upon the facts connected with the service of process. *Lang* v. *Shaw, supra,* was a case of original jurisdiction in this court, while in *Whited* v. *Phillips, supra,* the case was certified from the circuit court. We elect to follow what we consider the modern rule that where the original jurisdiction of this court is invoked, and facts are made to appear showing clearly lack of jurisdiction on the part of a trial court in the particular case presented, either of the subject matter of the litigation or of the parties thereto, this court will, notwithstanding any action which may have been taken in such trial court raising such question, grant relief in a proper case. Why compel parties to suffer the delay and heavy expense of litigation, in cases where jurisdiction is questioned, when the way is open to settle that question in the first instance through a resort to prohibition? No good purpose is served by reserving dicision of that question until after final order or decree in the case.

There is ample authority for the proposition that when a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right, regardless of the existence of other remedies, and regardless of whether or not the objections to the jurisdiction of the trial court have been presented to that court prior to the application for relief here. *Hatfield* v. *Graham,* 73

W. Va. 759, 81 S. E. 533, L. R. A. 1915A, 175, Ann. Cas. 1917C, 1; *Charleston* v. *Littlepage*, 73 W. Va. 156, 80 S. E. 131, 51 L. R. A. (N. S.) 353; *Weil* v. *Black*, 76 W. Va. 685, 86 S. E. 666; *Wayland Oil & Gas Co.* v. *Rummel*, 78 W. Va. 196, 88 S. E. 741; *Marsh* v. *O'Brien*, 82 W. Va. 508, 96 S. E. 795; *Jennings* v. *McDougle*, 83 W. Va. 186, 98 S. E. 162; *Midland Corporation* v. *Ballard*, 101 W. Va. 591, 133 S. E. 316. Many of the earlier cases in this state adopted the rule that a challenge to the jurisdiction of a trial court should be made in such court as a condition precedent to the right to apply to this court for the writ of prohibition. *Board of Education* v. *Holt*, 51 W. Va. 435, 41 S. E. 337; *Jennings* v. *Bennett, Judge*, 56 W. Va. 146, 49 S. E. 23; *Knight* v. *Zahnhiser*, 53 W. Va. 370, 44 S. E. 778. This rule has been abandoned; it never was an inflexible or arbitrary rule, but more one of judicial courtesy to the court sought to be prohibited. *Charleston* v. *Littlepage, supra; Weil* v. *Black, supra; Marsh* v. *O'Brien, supra; County Court* v. *O'Brien*, 95 W. Va. 32, 122 S. E. 352; *Hatfield* v. *Ferguson*, 115 W. Va. 519, 177 S. E. 192. As the law now is, this court, under its original jurisdiction, has power to deal with questions presented to it with reference to jurisdiction of a trial court upon the facts presented here, without regard to objection or lack of objection to such jurisdiction in the court below.

We are therefore of the opinion to award the writ.

*Writ awarded.*