GIST *v.* ROMEY.

1. PROCESS — NONRESIDENT — VOLUNTARY SUBMISSION TO CRIMINAL CHARGE.

　　Where defendant, a nonresident, was served with process in civil case while present in this State by submitting himself to answer to a criminal charge of false pretenses, he was privileged from arrest during stay for purposes of the criminal case and until he had thereafter fair opportunity to return to State of residence (3 Comp. Laws 1929, § 14106).

2. SAME—NONRESIDENT—ATTENDANCE UPON SUIT—PRIVILEGE FROM SERVICE.

　　Parties and witnesses who are in good faith in attendance on a suit or judicial proceeding in a county other than that of their residence are privileged from the service of civil process during such attendance and for a reasonable time while going and coming, whether their attendance is voluntary or compulsory (3 Comp. Laws 1929, § 14106).

Appeal from Branch; Jacobs (Theo T.), J. Submitted February 11, 1948. (Calendar No. 43,965.) Decided May 18, 1948.

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am. Jur., Process, §§ 138, 152.
[1] Immunity of nonresident defendant in criminal case from service of process. 14 A.L.R. 771; 40 A.L.R. 93; 46 A.L.R. 316; and 65 A.L.R. 1370.
[1] Service of process on prisoner. 46 L.R.A. 706.
[1-2] 42 Am. Jur., Process, §§ 135, 154.
[2] 42 Am. Jur., Process, §§ 139, 142, 143, 146.
[2] Privilege of nonresident witness from suit. 25 L.R.A. 721.
[2] Immunity of nonresident suitor or witness from service of process as affected by the nature or subject-matter of the action or proceedings in which the process issues. 19 A.L.R. 828.
[2] Exemption of nonresident party from service of civil process while in State in connection with case. 42 L.R.A.(N.S.) 1101; L.R.A.1915A, 694; and L.R.A.1916E, 1173.

Action by C. O. Gist against Paul K. Romey. Motion by defendant to dismiss service of process. Motion denied. Defendant reviews by appeal in nature of mandamus. Reversed.

*Arthur G. Lyon,* for plaintiff.

*Leon Dreifuss,* for defendant.

REID, J. Defendant, on leave granted, took appeal in the nature of mandamus from an order of the circuit court denying defendant's motion to quash service of summons.

Defendant Paul K. Romey resides in Columbia City, Indiana, and had been a resident of said city and State for five months before the proceedings in circuit court. Defendant came into the State of Michigan "when he heard there was a warrant for his arrest, charged with the crime of false pretenses issued on June 7, 1947, by Irving L. Stansell [justice of the peace for the city of Coldwater], and had given bail and was out on bond at the hearing of his examination before said justice at the time of service of said civil process."

Defendant was attending court before the justice of the peace in a criminal proceeding in which he was a defendant when he was served on August 29, 1947, with the civil process in the case at bar and was at the time of service apparently in the justice courtroom while said criminal proceedings were being conducted.

The following Michigan statutes are cited:

"Process may be served upon any person confined in any jail or prison in this State, whether such confinement be under civil or criminal process, by delivering a true copy of such process to the sheriff, warden or other officer in charge of such jail or prison, who shall forthwith deliver the same to such

prisoner." 3 Comp. Laws 1929, § 14104 (Stat. Ann. § 27.771).

"Any person duly and in good faith subpoenaed as a witness in any suit, or proceeding, and any party thereto, and any attorney engaged therein, shall be exonerated from arrest in any civil suit, while going to the place where he shall be required to attend, while in attendance and while returning therefrom; and in all cases where such attendance is without the county of the residence of such witness, party or attorney, he shall be exempt from the service of any civil process, in any suit commenced in the county where he is so in attendance. All other officers of the several courts of record shall be liable to arrest, and may be held to bail in the same manner as other persons, except while in attendance upon an actual sitting of the court of which they are officers, or while going to, or returning from such sitting. The court or officer before whom any person shall have been subpoenaed in good faith to attend as a witness, and every justice of the Supreme Court, circuit judge and circuit court commissioner, shall have authority to discharge any person arrested contrary to the provisions of this section." 3 Comp. Laws 1929, § 14106 (Stat. Ann. § 27.773).

Plaintiff relies on *Stuart* v. *Wayne Circuit Judge,* 252 Mich. 522, in which mandamus proceedings were brought by plaintiff to compel the circuit judge to set aside an order quashing service of *capias ad respondendum* on one Tallis at Detroit. In that case Tallis, whose permanent residence was in New York, had also temporarily resided in Detroit. Plaintiff delivered to Tallis for sale several musical instruments. Tallis took them to New York and it is charged, disposed of them there. Later while no proceedings were pending against him he voluntarily returned to Detroit. Afterwards he was arrested on a charge of wrongful conversion of the goods, was tried and acquitted November 19, 1929, at about 3

p. m. on that day. At about 6:30 p. m. of the same day, he was arrested on a *capias ad respondendum*. There seems to be nothing in that case to indicate that Tallis intended to leave Detroit. He had been acquitted when arrested on the *capias*. The writ of mandamus was issued to require the setting aside of the order quashing the service.

The *Stuart Case* differs essentially from the case at bar, in which defendant came to Michigan when he heard there was a warrant for his arrest. While such return was voluntary in the sense that it rendered extradition unnecessary, yet it is to be considered that defendant submitted himself to the jurisdiction of the Michigan court solely to answer to the criminal charge. He was privileged from service of civil process during his stay for the purposes of the criminal case and until he had thereafter fair opportunity to return to Indiana. His case does not fall within the provisions of 3 Comp. Laws 1929, § 14104 (Stat. Ann. § 27.771).

In *Meyers* v. *Barlock*, 281 Mich. 629, 631, 632, we said:

"The general rule is well stated in *Lingemann* v. *Macomb Circuit Judge*, 247 Mich. 597 (65 A. L. R. 1367), where we said:

" 'Thus, it is well established by judicial authority that parties and witnesses who are in good faith in attendance on a suit or judicial proceeding in a county in which they do not reside are privileged from the service of civil process from any other court in that county during such attendance and for a reasonable time while going and coming. This is the rule whether their attendance is voluntary or compulsory.' "

The *Lingemann Case*, 247 Mich. 597, 601 (65 A. L. R. 1367), cited 25 L. R. A. 721. See, also, 50 C. J. p. 548; *Mitchell* v. *Huron Circuit Judge*, 53

Mich. 541, and cases there cited; and *Coatsworth* v. *Wayne Circuit Judge,* 177 Mich. 565.

The order appealed from is reversed. A writ of mandamus will issue if found necessary, requiring the circuit judge to set aside his order refusing to quash the service and instead thereof, to make an order quashing service. Costs of defendant against plaintiff Gist.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.