STATE *ex rel.* J. M. GARNER

*v.*

HONORABLE CHARLES L. GARVIN, JR., *etc. et al.*

(No. 12085)

Submitted December 6, 1960. Decided December 20, 1960.

*J. M. Tully,* for relator.

*Charles L. Garvin, Jr.,* Judge of Circuit Court of Nicholas County, Fayetteville, *Brooks B. Callaghan,* for respondents.

BERRY, JUDGE:

This is an original proceeding in prohibition in this Court, brought in the name of the State of West Virginia at the relation of J. M. Garner against the Honorable Charles L. Garvin, Jr., Judge of the Circuit Court of Nicholas County, West Virginia and the Western Maryland Railway Company, a corporation, presented on November 29, 1960, and in which a rule to show cause was granted returnable December 6, 1960.

Answers were filed by the respondents, the Honorable Charles L. Garvin, Jr. and the Western Maryland Railway Company, a corporation, and the matter was argued on the return day by counsel for the petitioner and the respondent Honorable Charles L. Garvin, Jr., in person. No appearance, other than the answer, was made by the Western Maryland Railway Company. A brief was filed on behalf of the petitioner and leave was granted upon the request of the Honorable Charles L. Garvin, Jr. to file a brief within one week from the date of argument.

Some time before June 1, 1960, a civil suit was instituted in the Circuit Court of Nicholas County, styled Strouds Creek Coal Company, a corporation, against J. M. Garner, an individual trading and doing business under the style and name of the Old Colony Coal Company, and Old Colony Coal Company, a corporation. J. M. Garner was at that time, and is now, a nonresident of the State of West Virginia, being a resident of the State of New Jersey, but was properly served in connection with that action while he was in Nicholas County, West Virginia, on some other matter. The Strouds Creek Coal Company case was set for trial in the Circuit Court of Nicholas County on June 1, 1960, at which time the said Garner returned to the State of West Virginia for the purpose of appearing as a defendant in said action and also as a witness. While he was so present on June 1, 1960, he was served with a summons in the courtroom in an action styled Western Maryland Railway Company, a corporation, against Mud Lick Coal Company, a corporation, and James M. Garner, doing business as Old Colony Coal Company, which had been instituted in the Circuit Court of Nicholas County on that date. A protest was made by Garner with regard to the service of process in this separate action at the time and place it was had; and he, later appearing specially by counsel, filed a motion to quash the return of service of said summons and a plea in abatement to the jurisdiction of the court, to which motion and plea the plaintiff demurred. On November 18, 1960, the trial court sustained the de-

murrer to the motion to quash and to the plea in abatement, thereby overruling the motion to quash and dismissing the plea, apparently without considering a brief tendered on behalf of Garner; and the court also declined to certify its rulings on the pleadings.

A default judgment was entered against Garner at the same time, that is, November 18, 1960, upon the refusal of his attorney to make a general appearance, although the case was docketed for trial on November 28, 1960.

After the default judgment was entered against Garner, his petition for a writ of prohibition was filed in this Court directed against Charles L. Garvin, Jr. as Judge of the Circuit Court of Nicholas County and against the Western Maryland Railway Company, seeking to prohibit the respondents from retaining jurisdiction over the petitioner, from proceeding further against petitioner in the case and from enforcing the default judgment order against petitioner.

The answers of the respondents and the demurrer filed to the motion to quash and to the plea in abatement admit the facts pleaded, that the said Garner is a nonresident of the State of West Virginia and that the only reason he was in the State of West Virginia at the time he was served with a process in the Western Maryland Railway Company case was as a defendant and a witness in the Strouds Creek Coal Company case, another civil action, but state that the said Garner was not immune from the service of process because he was not in the State of West Virginia to answer process in a criminal or *quasi* criminal proceeding.

The sole question involved in this proceeding is whether or not a nonresident of West Virginia can properly be served with process commencing a civil action against him while present in this State as a defendant or witness in another civil action in answer to a civil process.

It has been held that prohibition is the proper remedy to be used in a case of this kind to test the

jurisdiction of the court over the subject matter or the person. *Lang v. Shaw,* 113 W. Va. 628, 169 S. E. 444; *Morris v. Calhoun,* 119 W. Va. 603, 195 S. E. 341; *Godby v. Chambers,* 130 W. Va. 115, 42 S. E. 2d 255; *Fisher v. Bouchelle,* 134 W. Va. 333, 61 S. E. 2d 305; *Sivnksty v. Duffield,* 137 W. Va. 112, 71 S. E. 2d 113.

The answers of the respondents contend that immunity from service of process on a nonresident in a civil action is only applicable when the nonresident is in the State of West Virginia in pursuance to a criminal or *quasi* criminal proceeding. There is no merit to this contention because the rule of immunity in such cases was established many generations ago in England, and has been treated in this country as a part of the common law. The immunity from service of process was applicable to parties and witnesses in attendance in a court outside the jurisdiction of their residence and for a reasonable time before and after such legal proceeding in going to and returning from same. There was no distinction made between civil cases and criminal cases. 72 C.J.S., Process, Privileges and Exemptions, §80; 14 M.J., Process, §4. This exemption being part of the common law of this State in force at the time Article VIII, Section 21 of the Constitution was adopted, it can only be repealed or restricted by statute, and this has never been done. 42 Am. Jur., Process, §143; *Fisher v. Bouchelle,* 134 W. Va. 333, 61 S. E. 2d 305.

It is true that usually the cases in this State dealing with this matter have involved cases where nonresidents of the state or county in which they have been served with civil process were present in the first instance in criminal cases. However, there was never any intention to limit such immunity to such cases. This is clearly indicated in the case of *Morris v. Calhoun,* 119 W. Va. 603, 608, 195 S. E. 341, wherein it is stated: "In this case, the circuit court of Hampshire County had jurisdiction of the subject matter of the litigation, but jurisdiction as to the defendant, the petitioner herein, could only be acquired by the service of process in

Hampshire County, and such service could not be had where his presence in that county was obtained through legal process or its equivalent, *either civil or criminal.*" [emphasis supplied].

It has been consistently held in this State that a nonresident of West Virginia or a resident of one county who voluntarily appears in another county in answer to a legal process or its equivalent is entitled to immunity of service of process in this State or in another county thereof, and for a reasonable time after answering said process in another case. *Whited v. Phillips,* 98 W. Va. 204, 126 S. E. 916, 40 A.L.R. 83; *Lang v. Shaw,* 113 W. Va. 628, 169 S. E. 444; *Morris v. Calhoun,* 119 W. Va. 603, 195 S. E. 341; *Iacuone v. Pietranton,* 138 W. Va. 776, 77 S. E. 2d 884. Certain exceptions have been made in this State with regard to the rule of immunity in question. It was held in point 2 of the syllabus in the case of *Godby v. Chambers,* 130 W. Va. 115, 42 S. E. 2d 255, that "A person serving a sentence for a misdemeanor is not immune to the service of a summons in a civil proceeding". In other words, the immunity resulting from a criminal trial ceases when the defendant remains in the jurisdiction to serve a resulting misdemeanor sentence.

It was held in the case of *Fisher v. Bouchelle,* 134 W. Va. 333, 61 S. E. 2d 305, that such immunity from service of process in a civil action was not applicable where such service of process was had on a party in the county of his legal residence, even though he was present in a court on another proceeding. In the case of *Sivnksty v. Duffield,* 137 W. Va. 112, 71 S. E. 2d 113, the principle enunciated in the case of *Godby v. Chambers, supra,* was followed. It was held in that case that a person who voluntarily enters a county of which he is not a resident and is later confined in jail on a criminal charge alleged to have been committed in said county, is not immune from service of civil process, for the reason that incarceration of itself does not make a person immune from service of process.

In a communication to this Court by the respondent, the Honorable Charles L. Garvin, Jr., in pursuance of leave of the Court when the case was argued, Judge Garvin stated that after reviewing the authorities in connection with this matter he was of the opinion that the writ probably should be awarded.

For the reasons stated herein, the writ is awarded.

*Writ awarded.*